# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

IN THE MATTER OF:

AURORA MOZELLE FLUHR

4:10 MC 212 CDP

## ORDER

This Court has been advised by receipt of a certified copy of the March 2, 2010 order of the Supreme Court of Missouri, entered in **In re: Aurora Mozelle Fluhr**, Cause No. 90496, that Aurora Mozelle Fluhr has been suspended from the practice of law by the Supreme Court of Missouri. The order was filed in this Court on April 7, 2010.

Aurora Mozelle Fluhr has been admitted to practice before this Court. In accordance with Local Rule 12.02 and the Rules of Disciplinary Enforcement, this Court issued its order dated April 15, 2010 directing Aurora Mozelle Fluhr to show cause in writing within thirty days after service of that order why the identical discipline prescribed by the Supreme Court of Missouri should not be imposed by this Court. The order was served on Respondent by certified mail at her last known address, and receipt for delivery at that address on April 16, 2010 was filed with the Court on April 21, 2010. Respondent filed a response to the order to show cause by mail, postmarked May 17, 2010, and received in the clerk's office and docketed on May 18, 2010 [Doc. # 5]. The Court treats this as a timely response.

In her response, Respondent argues that this Court should not follow the decision of the Supreme Court of Missouri to suspend her from the practice of law but should instead impose

a lesser sanction "to include the consideration of an admonition or a reprimand or probation." In support of her argument, Respondent declares that a suspension is unwarranted because "she has no prior disciplinary history, she has practice for fairly short period of time, she has acknowledge and shown remorse for her mishandling of the clients in question, made strides to improve the quality of her practice, and has not fallen in the category to warrant suspension." [sic]

The record of the Disciplinary Hearing Panel Decision in this matter cites two instances of Respondent's professional misconduct. The panel found sufficient evidence to support a finding that Respondent violated Missouri Supreme Court Rule 4.1.3, for failing to diligently represent a client by failing to appear for day two of a criminal jury trial without obtaining leave of Court. The panel also found sufficient evidence that Respondent violated Missouri Supreme Court Rules 4.1.3 and 4.1.16(d) by failing to perform legal services for a client from whom Respondent had received a retainer of two-thousand five hundred dollars in advance and then refused to return the fee to the client upon request. Based on these findings, the Hearing Panel recommended discipline consisting of a suspension for eight months with six months stayed, and a period of one year probation. Before the Supreme Court, the Office of Chief Disciplinary Counsel argued in favor of stronger discipline in the form of a suspension from the practice of law with no petition for reinstatement for a period of six months. The Supreme Court concurred in the recommendation of the Office of Chief Disciplinary Counsel and ordered an indefinite suspension of Respondent's license to practice law.

This Court's Rules of Disciplinary Enforcement establish the grounds upon which an attorney subject to discipline in another jurisdiction may contest the imposition of reciprocal discipline by this Court. The respondent attorney must demonstrate, and this Court must find, one or more of the following:

1. That the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

2. That there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duty, accept as final the conclusion of the other jurisdiction on that subject; or

3. That the imposition of the same discipline by this court would result in grave injustice; or

4. That the misconduct established is deemed by this court to warrant substantially different discipline.

Although Respondent does not cite these Rules in her response to the order to show cause, the Court construes her response as an argument that either the imposition of the same discipline ordered by the Supreme Court of Missouri would result in a grave injustice, or that the misconduct established by the evidence warrants substantially different discipline. Her principle contention is that, "The suspension of the Respondent Fluhr's license is overbroad and unwarranted." Respondent did not contest in the Supreme Court and does not challenge in this Court the Disciplinary Hearing Panel's findings of fact in the state proceeding.

While there may be a credible argument in favor of lesser discipline in these circumstances, Respondent had a full and fair opportunity to present her position to the Missouri Supreme Court. The Supreme Court weighed the evidence, the circumstances of this Respondent and the interest of the public before reaching its decision that suspension from the practice of law is warranted. Respondent's actions in absenting herself from a criminal trial in progress and unlawfully retaining a legal fee for services that were never performed were not trivial transgressions of the Rules of Professional Conduct. A suspension under these circumstances is not so disproportionate to the misconduct established by the evidence that it results in a grave injustice.

Nor is this Court persuaded that merely because a lesser sanction initially was recommended by the Hearing Panel that the district court should therefore depart from the ultimate determination of the Supreme Court of Missouri, which has the final authority for disciplining members of the state bar.

This Court recognizes that the Supreme Court of Missouri is entitled to great deference in these matters, except in very limited circumstances. "Although a state court disciplinary action in not conclusively binding upon the federal judiciary, federal courts are nevertheless obliged to accord a high level of deference to state court disbarment proceedings. . . . Thus, when a district court learns that a member of its bar has been the subject of discipline by another jurisdiction, the identical discipline is typically imposed." *In Re Hoare*, 155 F.3d 937, 940 (8th Cir. 1998)(Citations omitted). This Court therefore finds that suspension from the practice of law is an appropriate sanction and that the identical discipline ordered by the Supreme Court of Missouri should be imposed on Aurora Mozelle Fluhr pursuant to the rules of this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Aurora Mozelle Fluhr be suspended from the roll of attorneys authorized to practice law in the United States District Court for the Eastern District of Missouri.

Dated this 26th day of July, 2010.

BY THE COURT:

_Catherine D. Perry_
Chief Judge Catherine D. Perry

Judge Jean C. Hamilton

Judge Carol E. Jackson

Judge Rodney W. Sippel

Judge Henry E. Autrey

Judge Stephen N. Limbaugh, Jr.

Judge Audrey G. Fleissig

Senior Judge Donald J. Stohr

Senior Judge E. Richard Webber

Senior Judge Charles A. Shaw